**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

THOMAS SAMUEL WALLACE,

Plaintiff - Appellant,

v.

MARICOPA COUNTY OFFICE OF THE
COUNTY ATTORNEY, State Agency
Phoenix AZ Maricopa County; Maricopa
County 4TH AVENUE JAIL, named as: 4th
Ave Jail Facility; STATE OF ARIZONA;
RACHEL MITCHELL; JAMES H.
BAUMAN; TREENA KAY; DAVID
FOSTER; PAUL PENZONE, AKA Paul
Pensone; BM WILLIAMS, Captain A6290;
UNKNOWN GONZALEZ, Detention
Officer B1855; MARICOPA COUNTY
SHERIFF'S OFFICE, named in caption of
Second Amended Complaint as: Maricopa
County Sheriff's Department; UNKNOWN
MILLER, CBIU #B4897,

Defendants - Appellees.

No. 24-6905

D.C. No. 2:23-cv-01148-SRB--
MTM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted July 15, 2025[]

Before:      SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Arizona state prisoner Thomas Samuel Wallace appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations related to his telephonic and electronic communications while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Wallace's Fourth Amendment claim because Wallace failed to allege facts sufficient to show that he had a reasonable expectation of privacy in his outbound communications. *See United States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996) (explaining that "any expectation of privacy in outbound calls from prison is not objectively reasonable and . . . the Fourth Amendment is therefore not triggered by the routine taping of such calls"); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Wallace's First and Fourteenth

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment claims because Wallace failed to allege facts sufficient to show any violation of his rights. *See Wilkinson v. Austin*, 545 U.S. 209, 221, 223 (2005) (a state-created liberty interest arises only when the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002) (explaining that the use of a telephone is "a *means* of exercising" prisoners' First Amendment "right to communicate with persons outside prison walls"); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68, 1071 (9th Cir. 2016) (holding that pretrial detainees may sue prison officials for injuries under the Fourteenth Amendment and setting forth objective deliberate indifference standard for Fourteenth Amendment claims); *Hebbe*, 627 F.3d at 341-42.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Wallace's motion for appointment of counsel (Docket Entry No. 6) is denied.

**AFFIRMED**.